| | | |
|---|---|---|
| EARNEST PERKINS, JR., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:15-CV-01137 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TYRONE K. TEELE, ET AL., | : | |
| Defendants. | : | JULY 3, 2018 |

## RULING RE: SECOND MOTION FOR SUMMARY JUDGMENT (Doc. No. 105)

## I.    INTRODUCTION

The plaintiff, Earnest Perkins, Jr. ("Perkins"), brings this action pursuant to

section 1983 of title 42 of the United States Code against the defendants, Officer

Tyrone K. Teele ("Teele") and Officer Pasquale A. Speranza ("Speranza") of the

Bridgeport Police Department, alleging violation of his Fourth Amendment right to be

free of excessive force.  See Second Amended Complaint ("Second Am. Compl.") (Doc.

No. 97).  Before the court is Officers Teele and Speranza's Second Motion for Summary

Judgment ("Second Mot. for Summ. J.") (Doc. No. 105).  For the following reasons, their

Motion is **DENIED**.

## II.    LOCAL RULE 56

Officers Teele and Speranza committed at least three procedural errors in

violation of Rule 56(a)1 of the Local Rules of Civil Procedure of the United States

District Court for the District of Connecticut, which provides in relevant part:

> A party moving for summary judgment shall file and serve with the motion
> and supporting memorandum a document entitled "Local Rule 56(a)1
> Statement of Undisputed Material Facts," which sets forth, in separately
> numbered paragraphs meeting the requirements of Local Rule 56(a)3, a
> concise statement of each material fact as to which the moving party
> contends there is no genuine issue to be tried.  The Local Rule 56(a)1

Statement should include only those facts that are material to the decision of the motion.

First, Officers Teele and Speranza did not file and serve a Rule 56(a)1 Statement with their Second Motion for Summary Judgment. Instead, they informed the court that their Second Motion for Summary Judgment "incorporate[s] and rel[ies] on" a Rule 56(a)1 Statement that was filed as part of an earlier First Motion for Summary Judgment (Doc. 68), hereinafter referred to as "the Old Rule 56(a)1 Statement." Memorandum of Law in Support of Second Motion for Summary Judgment ("Defs.' Mem. L.") (Doc No. 105-1) at 1. This decision to rely on the Old Rule 56(a)1 Statement is perplexing because Officers Teele and Speranza were not defendants in the case when the First Motion for Summary Judgment was filed.[1] Thus, they seek to rely on a Rule 56(a)1 Statement that was filed by and for officers who are no longer defendants in this suit. More importantly, however, incorporating the Old Rule 56(a)1 Statement by reference does not satisfy Local Rule 56(a)1's clear directive to "file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts.'"

Second, even assuming that Officers Teele and Speranza properly filed and served the Old Rule 56(a)1 Statement, they blatantly disregarded the Local Rules' directions to "include [in their Rule 56(a)1 Statement] only those facts that are material to the decision of the motion." L.R. 56(a)1 (emphasis added). Because the Old Rule

---

[1] The First Motion for Summary Judgment responded to Perkins's Amended Complaint (Doc. No. 21), which named Sergeant Eric Schneider, Officer Peter Koval, Officer Raymond Ryan, and Officer Richard Cretella as defendants. Later, the court granted Perkins's Motion to Amend/Correct the Amended Complaint (Doc. No. 94). In his Second Amended Complaint, Perkins only names Officer Speranza and Officer Teele as defendants. See Second Am. Compl. at 1.

56(a)1 Statement was produced by and for different defendants, many of its statements of fact are immaterial. See, e.g., Defendants' Local Rule 56(a)1 Statement of Undisputed Material Facts ("Old Rule 56(a)1 Statement") (Doc No. 68-2) at ¶ 11 ("Officer Cretella never assaulted or observed any other person assault Mr. Perkins."); id. at ¶ 56 ("Sergeant Schneider did not arrest or assault Mr. Perkin's [sic] on February 13, 2015.").

Third, the defendants' Second Motion for Summary Judgment improperly directs the court to consider two new affidavits filed by Officers Teele and Speranza, neither of which are referenced by, or otherwise included in, the Old Rule 56(a)1 Statement. See Second Mot. for Summ. J. at 1; see also Exhibit T ("Speranza Aff.") (Doc. No. 105-2); Exhibit U ("Teele Aff.") (Doc. No. 105-2). It is understandable that Officers Teele and Speranza would want the court to consider these new Affidavits. As noted above, the Old Rule 56(a)1 Statement was produced for different defendants and therefore provides little support for a summary judgment in favor of Officers Teele and Speranza. In fact, if the court were to only consider the facts contained in the Old Rule 56(a)1 Statement, it would conclude that Officers Teele and Speranza have not met their "initial burden of demonstrating, through affidavits or otherwise, the absence of genuine factual issues." Capital Imaging Assocs., P.C. v. Mohawk Valley Med. Assocs., Inc., 996 F.2d 537, 542 (2d Cir. 1993). "Although the movant need not support its motion [for summary judgment] with 'affidavits or other similar materials negating the opponent's claim,'" the movant does bear "the initial burden of 'informing the district court of the basis for his motion.'" Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 102 (2d Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (emphasis in

original and alterations omitted).  By itself, the Old Rule 56(a)1 Statement does not inform the court of the basis for Officers Teele and Speranza's Second Motion for Summary Judgment.  Indeed, it is not even evident from reading the Old Rule 56(a)1 Statement that Officers Teele and Speranza are defendants in Perkins's lawsuit.

Presumably, Officers Teele and Speranza seek to overcome these deficiencies in the Old Rule 56(a)1 Statement by submitting their personal Affidavits for the court's consideration.  In doing so, they apparently believe that their affidavits contain facts that are undisputed and material to the case.  Otherwise, these Affidavits would not be helpful to Officers Teele and Speranza's Motion for Summary Judgment, which will only be granted if the court concludes that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011).  However, if Officers Teele and Speranza wanted the court to consider their personal Affidavits in its summary judgment analysis, they should have included them in their Rule 56(a)1 Statement, as mandated by the Local Rules.  See L.R. 56(a)1 (requiring movants to set forth in their Rule 56(a)1 Statement a "concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried") (emphasis added).

On the basis of these procedural defects alone, the court denies Officers Teele and Speranza's Second Motion for Summary Judgment.

## III.    ADDITIONAL CONSIDERATIONS

The court considered giving Officers Teele and Speranza the opportunity to file a proper Rule 56(a)1 Statement.  The fact that Perkins's attorney also did not comply with the Local Rules weighs in favor of refiling.  Not only was Perkins's Opposition to the Second Motion for Summary Judgment (Doc. No. 106) filed late, but it did not contain a

Rule 56(a)2 Statement of Facts in Opposition to Summary Judgment, as required by Local Rule 56(a)2. However, despite the procedural mistakes made by Perkins's attorney, the court decides against allowing the defendants to refile because the record already reveals genuine issues of material fact.[2] In arriving at this conclusion, the court reviewed all of the parties' submissions, including the exhibits referenced in the Old Rule 56(a)1 Statement and the personal Affidavits filed by Officers Teele and Speranza.[3]

The key factual dispute in this case is whether Officers Teele and Speranza used excessive force when moving Perkins from St. Vincent's Hospital to a police car on February 13, 2015. Both parties agree that Perkins was in police custody at the time of the alleged incident, having been arrested earlier in the day. See Deposition of Earnest Perkins, Jr. ("Perkins Dep.") (Doc. No. 68-4) at 106:15–19; Old Rule 56(a)1 Statement at ¶ 18. Officers Teele and Speranza also concede that they escorted Perkins from the hospital to the police car. Old Rule 56(a)1 Statement at ¶¶ 31, 33. However, the parties disagree about whether Officers Teele and Speranza grabbed Perkins aggressively; whether they shoved him into the police car; and whether they slammed the car door on his body. Compare Perkins Dep. at 133:13–25 with Speranza Aff. at ¶¶

_____

[2] "A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Rogoz v. City of Hartford, 796 F.3d 236, 245 (2d Cir. 2015). Thus, the role of the district court in deciding a summary judgment motion "is to determine whether genuine issues of material fact exist for trial, not to make findings of fact." O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011). In making this determination, the court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. See Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013).

[3] However, the court disregarded the unsworn and undated Declaration of Earnest Perkins, Jr. (Doc. No. 106-2), as this declaration did not comply with section 1746 of title 28 of the United States Code. See 28 U.S.C. § 1746 (requiring unsworn declarations to be dated, signed, and subscribed by the maker "as true under penalty of perjury").

7, 8.  Based on Perkins's deposition, a reasonable fact finder could conclude that

Officers Teele and Speranza's conduct was "objectively unreasonable" and therefore

met the Fourth Amendment's standard for excessive force.[4]  Barcomb v. Kraeger, No.

3:14CV1159 (JBA), 2016 WL 2644885, at *3 (D. Conn. May 5, 2016) (quoting Amnesty

America v. Town of West Hartford, 361 F.3d 113, 123 (2d Cir. 2004)).  The defendants

have not identified any competing governmental interests that might justify this

infringement upon Perkins's Fourth Amendment rights.  See id. ("Determining whether

an officer's conduct was objectively reasonable requires balancing a plaintiff's Fourth

Amendment rights against competing governmental interests and considering the

circumstances from the perspective of a reasonable officer on the scene.") (internal

quotation marks omitted).

Instead, Officers Teele and Speranza offer several other counterarguments in

favor of summary judgment, none of which are persuasive.  First, they ask the court to

entirely disregard Perkins's testimony on the grounds that Perkins lacks credibility.

Defs.' Mem. L. at 15, 16.  As a general rule, however, "[a]ssessments of credibility and

choices between conflicting versions of the events are matters for the jury, not for the

court on summary judgment."  Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir.1996); see

also Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d Cir.1996) ("In applying [the

---

[4] Perkins correctly brings his excessive force claim under the Fourth Amendment.  The alleged use of excessive force occurred after Perkins's arrest but before his arraignment.  See Old Rule 56(a)1 Statement at ¶¶ 18–30 (showing that Perkins was transported to St. Vincent's Medical Center minutes after arriving for booking at the Bridgeport Police Department).  Thus, following the precedent in this Circuit, the court applies the Fourth Amendment standard for arrestees to Perkins's claim of excessive force, rather than the Fourteenth Amendment standard for pretrial detainees.  See Shakir v. Derby Police Dep't, 284 F. Supp. 3d 165, 204–05 (D. Conn. 2018) (While "the Supreme Court has not yet resolved . . . where the line between arrest and pretrial detention is drawn," courts in this Circuit "have analyzed claims of excessive force occurring after arrest but before arraignment under the Fourth Amendment standard.").

summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses.").  While courts have deviated from this rule "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," the court will not do so here.  Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005).  In his pleadings and deposition, Perkins consistently states that police officers injured him when transporting him from St. Vincent's Hospital to a police car.  See, e.g., Second Am. Compl. at ¶ 12; Perkins Dep. at 82:7–12, 83:13–25, 133:2–25.

In addition, Officers Teele and Speranza argue that the court should grant summary judgment because Perkins suffered only de minimis injuries.  See Defs.' Mem. L. at 18–19.  However, the record does not indisputably support this factual conclusion.  For example, in hospital records dated eight days after the alleged use of excessive force, hospital staff document Perkins complaining about pain in his ribs and about being "roughed up by Police."  Exhibit M (Doc. No. 68-3).  Viewed in the light most favorable to Perkins, this documentation points to a lingering physical injury that could surpass the de minimis threshold.  More importantly, Officers Teele and Speranza "misunderstand the Fourth Amendment analysis [for excessive force]" when they focus on the nature and magnitude of Perkins's injuries.  Barcomb, 2016 WL 2644885, at *4.  "The 'core judicial inquiry' is 'not whether a certain quantum of injury was sustained,' but rather whether unreasonable force was applied given the circumstances."  Id. at *4 (quoting Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)).  As noted above, there are genuine issues of material fact as to whether Officers Teele and Speranza applied unreasonable force by knocking Perkins down and slamming a car door on his body.  See supra at 5–

6.  Thus, granting summary judgment would be inappropriate, even if Perkins only sustained de minimis injuries.

Officers Teele and Speranza also argue that Perkins failed to show that both defendants were personally involved in violating his Fourth Amendment rights.  As the defendants correctly observe, the Second Amended Complaint alleges that "one of the officers" assaulted Perkins, without providing names.  Second Am. Compl. at ¶ 12.  In his deposition, however, Perkins describes how "[t]hey banged [him] up," "[t]hey grabbed [him] aggressively," and "they shoved him," indicating that both Officer Teele and Officer Speranza were personally involved in the use of excessive force against Perkins.  Perkins Dep. at 133:19–20 (emphasis added).  Furthermore, "[a] police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it."  Figueroa v. Mazza, 825 F.3d 89, 106 (2d Cir. 2016).  Thus, even if only one of the defendants personally applied excessive force against Perkins, the other defendant could be liable for failing to intervene.  See Jackson on Behalf of Z.J. v. City of Middletown, No. 3:11-CV-00725 (JAM), 2017 WL 2218304, at *6 (D. Conn. May 19, 2017) (denying defendants' motion for summary judgment on an excessive force claim that was premised on an officer's failure to intervene).  It is therefore reasonable to conclude from the record that both Officer Teele and Officer Speranza are liable, either because both personally used excessive force against Perkins or because one applied excessive force while the other failed to intervene.

Finally, Officers Teele and Speranza raised affirmative defenses of qualified immunity in their Answer to Plaintiff's Second Amended Complaint (Doc. No. 101) at 2, 3. However, in their Second Motion for Summary Judgment, Officers Teele and Speranza did not argue for summary judgment on the basis of qualified immunity. Indeed, their Second Motion for Summary Judgment does not even reference the qualified immunity defense. As a result, the court will not grant summary judgment on the basis of qualified immunity. It is well established that "a decision dismissing a claim based on qualified immunity at the summary judgment stage may only be granted when a court finds that an official has met his or her burden demonstrating that no rational jury could conclude '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012) (quoting Ashcroft v. al-Kidd, 563 U.S. 731 (2011)); see also Jackson, 2017 WL 2218304, at *4 (refusing to grant summary judgment on the basis of a qualified immunity claim that had been inadequately briefed by the defendants). Officers Teele and Speranza have not met this burden.

## IV. CONCLUSION

For the foregoing reasons, Officers Teele and Speranza's Second Motion for Summary Judgment (Doc. No. 105) is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 3rd day of July, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge